CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 5 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

KELDRON L. CARLTON,
    Petitioner,

v.

CHRISTOPHER ZYCH,
    Respondents.

Civil Action No. 7:15-cv-00417

MEMORANDUM OPINION

By:  Hon. Michael F. Urbanski
      United States District Judge

Keldron L. Carlton, an inmate at the United States Penitentiary in Lee County, Virginia, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that his federal criminal sentence imposed by the United States District Court for the Eastern District of Arkansas ("District Court") is unlawful under Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). After reviewing the record in accordance with Rules 1(b) and 4 of the Rules Governing § 2254 Cases, the court dismisses the habeas petition without prejudice for failing to demonstrate an entitlement to relief.

Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and because the District Court concluded he had three violent felonies within the meaning of the Armed Career Criminal Act, the District Court sentenced him to 180 months' incarceration. Petitioner's appeals and motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.[1] Petitioner now asks this court for habeas corpus relief via § 2241 because of Johnson, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

---

[1] The District Court has already advised Petitioner to file a motion with the United States Court of Appeals for the Eighth Circuit for permission to file a successive § 2255 motion.

Claims that challenge the legality of an imposed federal sentence must normally be raised during direct appeal or via a § 2255 motion filed with the sentencing court. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). A § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under In re Jones. See id. at 333-34 (finding that a challenge to a federal conviction is barred from review unless the petitioner's offense conduct is no longer criminal); see also United States v. Surratt, ___ F.3d ___, 2015 U.S. App. LEXIS 13379, 2015 WL 4591677 (4th Cir. July 31, 2015) (applying In re Jones to bar § 2241 sentencing relief because petitioner's offense conduct remained criminal); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has . . . not extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence.").

Petitioner fails to satisfy the In re Jones standard because Johnson had no effect on the criminality of Petitioner's offense conduct. Accordingly, Petitioner cannot proceed via § 2241, and the court dismisses the petition without prejudice.[2]

**ENTER:** This 24 day of September, 2015.

/s/ Michael F. Urbanski
United States District Judge

---

[2] The court declines to construe Petitioner's § 2241 petition as a § 2255 motion. First, a § 2255 motion must be filed with the court that imposed the sentence. 28 U.S.C. § 2255(a). Second, Petitioner has not received permission from the Court of Appeals for the Eighth Circuit to file a successive § 2255 motion. See 28 U.S.C. § 2255(h). Transferring a clearly successive § 2255 motion to the sentencing court does not further the interests of justice or judicial economy.

2

Case 7:15-cv-00417-MFU-RSB   Document 7   Filed 09/25/15   Page 2 of 2   Pageid#: 33